## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMY COPPE, | Case No. 2:14-cv-2598 |
| Plaintiff, | |
| v. | |
| THE SAC & FOX CASINO HEALTHCARE PLAN and BENEFIT MANAGEMENT, INC., | |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF MOTION TO DISMISS

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................... i

TABLE OF AUTHORITIES............................................................................................................ ii

NATURE OF THE MATTER.........................................................................................................1

FACTS .........................................................................................................................................1

QUESTION PRESENTED ............................................................................................................1

ARGUMENT SUMMARY ............................................................................................................1

    I.    THE TRIBE IS FEDERALLY RECOGNIZED AND THIS COURT LACKS ..............
         SUBJECT MATTER JURISDICTION OVER THIS ACTION.....................................2

    II.    ERISA DOES NOT SET FORTH A WAIVER OF SOVEREIGN IMMUNITY
         FOR PLAINTIFF'S CLAIMS ......................................................................................3

CONCLUSION.............................................................................................................................5

CERTIFICATE OF SERVICE......................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*C & L Enter., Inc. v. Citizen Band of Potawatomi Indian Tribe of Okla.*,
532 U.S. 411 (2001) ...............................................................................................2, 3

*Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751 (1998)................................................2, 3

*Michigan v. Bay Mills Indian Community*, 134 S.Ct. 2024 (2014) .......................................2, 3, 4

*Miner Electric, Inc. v. Muscogee(Creek) Nation*, 505 F.3d 1007 (10th Cir. 2007)........................2

*N.L.R.B. v. Pueblo of San Juan*, 276 F.3d 1186 (10th Cir. 2002) ...................................................4

*Nanomantube v. Kickapoo Tribe In Kansas*, 631 F.3d 1150 (10th Cir. 2011)...............................2

*Osage Tribal Council, ex.rel. Osage Tribe Of Indians v. United States*,
187 F.3d 1174 (10th Cir. 1999) ...............................................................................4, 5

*Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978)..................................................................2, 3

*South Carolina v. Catawba Indian Tribe,* 476 U.S. 498 (1986).......................................................4

*Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Eng'g*,
476 U.S. 877 (1986)...................................................................................................2

*United States v. Holiday*, 70 U.S. 407 (1865) .................................................................................3

**Statutes**

29 U.S.C. § 1002(1) ........................................................................................................................5

29 U.S.C. § 1132..........................................................................................................................4, 5

**Rules**

Fed.R.Civ.P. 12(b)(2)......................................................................................................................1

**Other Authorities**

Indian Entities Recognized and Eligible to Receive Services from the United States Bureau
of Indian Affairs, 80 Fed. Reg. 9 (January 14, 2015) ...............................................1

COMES NOW the Defendant The Sac and Fox Nation of Missouri in Kansas and Nebraska (the "Tribe") in support of its Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of subject matter jurisdiction due to tribal sovereign immunity from suit.

## NATURE OF THE MATTER

This Motion to Dismiss is based upon well-established principles of federal Indian law on tribal sovereign immunity from suit.  Plaintiff's Complaint is directly against the Tribe.  As such, her Complaint is unquestionably barred by tribal sovereign immunity and must be dismissed.

## FACTS

The Sac and Fox Nation of Missouri in Kansas and Nebraska is a federally-recognized Indian tribe.  Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 80 Fed. Reg. 9 (January 14, 2015).  The Sac & Fox Casino is a non-corporate operating arm of the Tribe.  *See* Affidavit of Martin R. Gist attached hereto as **Exhibit 1, ¶** 5.  From December 1, 2010 until November 30, 2011, the Casino maintained a self-funded plan of employee healthcare benefits.  Exhibit 1, ¶ 6.  The benefits were available to all full time employees of the Casino.  Exhibit 1, ¶ 7.  The money to fund the Plan was allocated from the Casino's general operating expenses.  Exhibit 1, ¶ 8.  The Plan was managed by the Tribe's Council members.  Exhibit 1, ¶ 9.

## QUESTION PRESENTED

Whether this matter must be dismissed based upon the well-established federal Indian law principles of sovereign immunity from suit.

## ARGUMENT SUMMARY

Binding federal law directs that tribal sovereign immunity goes to the subject matter jurisdiction of the courts.  Absent explicit tribal or congressional waiver of that immunity,

1

federally-recognized Indian tribes are immune from all unconsented lawsuits.  Because it goes to subject matter jurisdiction, a sovereign immunity defense may not be abandoned based on the perceived equities of a dismissal.  Immunity applies for all activities whether they occur on or off reservation land.  As the Tribe is unquestionably a federally-recognized Indian tribe and there is no waiver or Congressional abrogation, the Tribe is immune from suit, and this matter must be dismissed.

## I. THE TRIBE IS FEDERALLY RECOGNIZED AND THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION

The United States Supreme Court has clearly established that Indian tribes possess "the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).  The United States Supreme Court has stated that this immunity "is a necessary corollary to Indian sovereignty and self-governance." *Three Affiliated Tribes of the Fort Berthold Reservation v. Wold Eng'g*, 476 U.S. 877, 890 (1986).  Absent a clear and unequivocally expressed waiver of sovereign immunity, Indian tribes are not subject to suit in any forum. *C & L Enter., Inc. v. Citizen Band of Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 418 (2001).  Sovereign immunity presents a jurisdictional question and, absent a waiver, presents an absolute bar to suits against tribes. *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998).  Tribal sovereign immunity raises the issue of subject matter jurisdiction. *Id.* at 754; *Miner Electric, Inc. v. Muscogee(Creek) Nation*, 505 F.3d 1007, 1009 (10th Cir. 2007).  Sovereign immunity involves a "straightforward test." *Miner*, 505 F.3d at 1010; *Nanomantube v. Kickapoo Tribe In Kansas*, 631 F.3d 1150, 1152 (10th Cir. 2011).  Barring a waiver of sovereign immunity, this Court lacks subject matter jurisdiction over federally-recognized Indian tribes. *Id.*

The United States Supreme Court very recently reaffirmed these principles in *Michigan v. Bay Mills Indian Community*, 134 S.Ct. 2024 (2014).  In *Bay Mills*, the State of Michigan sued a

tribal casino in an attempt to prevent off-reservation gaming.  Michigan argued that the Court should overturn *Kiowa* and limit sovereign immunity.[1]  The Court reiterated that it is up to Congress, not the Court, to curtail sovereign immunity.  *Bay Mills*, 134 S.Ct. at 2038.  Finding that Congress had since contemplated generally abrogating sovereign immunity and instead opted for more targeted measures, the Court rejected any notion that it should limit sovereign immunity.  The principle that an Indian tribe cannot be sued without its consent or an unequivocal waiver by Congress remains a bedrock tenet of federal Indian law.

As the Tribe is listed in the Federal Register as a federally-recognized Indian tribe under Bureau of Indian Affairs regulations, it is beyond question that the Tribe enjoys this status as an Indian tribe.  "It is the rule of this court to follow the action of the executive and other political departments of the government, whose more special duty it is to determine such affairs.  If by them those Indians are recognized as a tribe, this court must do the same." *United States v. Holiday*, 70 U.S. 407, 419 (1865).  As the Tribe is a federally-recognized Indian tribe, it enjoys sovereign immunity from all unconsented lawsuits.

## II.    ERISA DOES NOT SET FORTH A WAIVER OF SOVEREIGN IMMUNITY FOR PLAINTIFF'S CLAIMS

There is no waiver of sovereign immunity in ERISA, either by the plain language or by construction.  To abrogate tribal sovereign immunity by statute, "Congress must unequivocally express that purpose. *Santa Clara Pueblo*, 436 U.S. at 58; *C & L Enterprises v. Citizen Band Potawatomi Indians*, 532 U.S. 411, 418 (2001); *Bay Mills*, 134 S.Ct. at 2034 (referring to waivers writing "Although Congress has plenary authority over tribes, courts will not lightly assume that Congress in fact intends to undermine Indian self-government.").

---

[1]  Michigan also argued that Congress had abrogated sovereign immunity by statute.  As will be further discussed below, such a showing must be by "unequivocal" expression. *Bay Mills*, 134 S.Ct. at 2033-34.  The *Bay Mills* court rejected Michigan's argument in regard to a statutory waiver. *Id.*

In *Bay Mills*, the court was asked to interpret the Indian Gaming Regulatory Act to imply a waiver of sovereign immunity where none existed in the text of the statute for the plaintiff/petitioner's cause of action.  The plaintiff/petitioner argued that due to the nature of the statute, Congress "must have intended" there to be a waiver.  *Bay Mills*, 134 S.Ct. at 2034.  The court rejected this notion entirely opining that it has no license to disregard clear statutory language.  *Id.*  This was even more so in regard to finding a waiver of sovereign immunity.  The court wrote, "And still less do we have that warrant when the consequence would be to expand an abrogation of immunity."  *Id.*

> The Tenth Circuit assiduously follows this Supreme Court rule.

> Congressional waivers of tribal sovereign immunity, however, cannot be implied but must be unequivocally expressed.  In determining whether a particular federal statute waives tribal sovereign immunity, courts should tread lightly in the absence of clear indication of legislative intent.

*Osage Tribal Council, ex.rel. Osage Tribe Of Indians v. United States*, 187 F.3d 1174, 1181 (10th Cir. 1999); *see also N.L.R.B. v. Pueblo of San Juan*, 276 F.3d 1186, 1191-92 (10th Cir. 2002) ("'doubtful expressions of legislative intent must be resolved in favor of the Indians.'" quoting *South Carolina v. Catawba Indian Tribe,* 476 U.S. 498, 506 (1986)).  In *Osage*, the Tenth Circuit did find that Congress had waived sovereign immunity in the statute under examination.  It found this based upon the term "Indian Tribes" being specifically included in the definition of persons against whom a cause of action can be brought.  *Osage*, 187 F.3d at 1182.  Thus, although the statute in question did not use the explicit words "waiver of sovereign immunity," there was a specific textual basis for finding a waiver.  There is no explicit waiver in ERISA, nor is there a specific textual basis for finding a waiver.

Plaintiff's cause of action is pursuant to 29 U.S.C. § 1132.  In pertinent part, that section provides:

4

      a)       Persons empowered to bring a civil action
                    A civil action may be brought—

**(1)**      by a participant or beneficiary--

**(B)**      to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. § 1132.   Quite obviously, there is no language in this section that would meet the standard of an "unequivocal" waiver of tribal sovereign immunity.   Even considering the type of analysis employed by the *Osage* court, there is no text upon which to base a waiver.   "Persons" in the above quoted text is clearly a reference to a plaintiff.   The definition of "employee welfare benefits plan" or "plan" is devoid of any reference to Indians or tribes.   *See* 29 U.S.C. § 1002(1). There is not a line of construction that can be used to piece together a waiver.   There is no other cause of action in ERISA relevant to the claims made by Plaintiff, and there is no general waiver of tribal sovereign immunity in ERISA.

### CONCLUSION

ERISA does not waive tribal sovereign immunity.   The general rule applies:   barring a waiver, this Court lacks subject matter jurisdiction to hear this action.   It must be dismissed with prejudice.

Dated: June 30, 2015

The Sac & Fox Casino Healthcare Plan Defendant,


By:      /s/ Christopher  Halbert
         Christopher Halbert, Bar No. 24328
         Halbert, Dunn & Halbert, L.L.C.
         112 S. 7th Street
         P.O. Box 183
         Hiawatha, Kansas 66434
         Telephone: 785-288-6070
         Fax: 785-742-7103
         Email: chalbert@halbertdunn.com

         Joseph V. Messineo (*Pro Hac Vice*)
         Fredericks Peebles & Morgan LLP
         3610 North 163rd Plaza
         Omaha, Nebraska  68116
         Telephone:  402-333-4053
         Fax:  402-333-4761
         Email:  jmessineo@ndnlaw.com

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of June 2015, service of the foregoing

**Memorandum of Points and Authorities in Support of Motion to Dismiss** was submitted

electronically for filing and/or service with the United States District Court of Kansas. Electronic

service of the foregoing document shall be made in accordance with the E-Service List as follows:

Dean Nash
Brian Franciskato
2300 Main Street, Suite 170
Kansas City, MO  64108
*Attorneys for Plaintiff*

                                    /s/ Christopher Halbert

7